

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 24, 2024**

_____
**United States Bankruptcy Judge**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WATAUGA FAMILY DENTISTRY, PLLC | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-42515 |

### ORDER CONFIRMING DEBTOR'S CONSENSUAL PLAN OF REORGANIZATION
### (Docket No. 61)

Came on for consideration the Debtor's Plan of Reorganization filed November 15, 2023 pursuant to 11 U.S.C. § 1191(a). After hearing evidence, the Court finds as follows:

1. The Subchapter V Plan of Reorganization (Docket No. 61)("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

1

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

4. All voting classes of creditors accept the Plan. The Plan meets the requirements of 11 U.S.C. § 1191(a) and (c).

5. No objections were filed objecting to confirmation of the Plan. The Plan provides that the Debtor will act as the payment administrator under the Plan. The Debtor, acting as payment administrator, will be to the benefit of the creditors, as it will reduce administrative expenses post-confirmation. It is;

ORDERED and ADJUDGED that:

1. The Subchapter V Plan of Reorganization, which was filed on November 15, 2023 (Docket No. 61) is hereby CONFIRMED under 11 U.S.C. §§ 1129(a) and 1191(a).

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be the disbursing agent as to all creditor payments pursuant to the terms of the Chapter 11 Plan.

4. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

5. Debtor will not be required to file any additional operating reports upon confirmation of this Plan.

6. All fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all such fees when due and payable.

7. Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, these provisions will govern the treatment of the secured portion of Claim 1-1 of the U.S. Small Business Administration:

> **3-1 U.S. Small Business Administration ("SBA") (Claim No. 1-1)** filed a proof of claim in the secured amount of $122,389.89 with an unsecured claim amount of $325,673.75. The SBA asserts it is partially secured by Watauga Family Dentistry, PLLC's business property pursuant to a blanket UCC Lien that was recorded on June 5, 2020 which puts this claim in Lien Position 1. Therefore, the SBA is partially secured due to the liquidation analysis as to the assets of Watauga Family Dentistry, PLLC on the plan filing date and according to their proof of claim No. 1-1. Debtor proposes to pay the secured claim amount of SBA's claim in the amount of $122,389.89 at 3.75% over 60 equal monthly payments at $2,511.02 per month. The first monthly payment on the secured claim amount will be due and payable 30 days after the effective date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day. The under secured portion of the proof of claim filed the SBA will be treated in Class 4. The SBA will retain its lien until its secured claim is paid in full.

8. Nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other

than the Debtors. Nor shall anything in this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

Further, nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit.  Nothing in this Order shall affect any setoff or recoupment rights of any Governmental Unit.  Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

9. On the Effective Date, the Debtor shall be discharged as provided in 11 U.S.C. § 1141.

10. This Court retains jurisdiction to interpret and enforce the Plan and this Order.

11. To the extent there are conflicting provisions between the Plan and this Order, this Order shall govern.

# # # END OF ORDER # # #